**DRAFT ONE**

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 SEP -9 PM 3: 05

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA,  )
)
v.  )  Case No. 5:22-cr-35
)
DANIEL RUIZ,  )
)
Defendant.  )

## JURY CHARGE

Members of the Jury:

Now that you have heard the evidence and the arguments, it is my duty to instruct you on the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them.

I will start by reading the charge or, as it also is called, the indictment to you. Before I do so, I would like to remind you of the function of an indictment. An indictment is a formal way to accuse a defendant of a crime prior to trial. In this case, the indictment describes the two charges against Mr. Ruiz. Mr. Ruiz is not on trial for any act or any conduct not specifically charged in the indictment.

An indictment is not evidence. An indictment does not create any presumption of guilt or permit an inference of guilt. It should not influence your verdict in any way other than to inform you of the charges against the defendant. The defendant has pleaded not guilty to the indictment. You have been chosen and sworn as jurors in this case to determine the issues of fact that have been raised by the allegations of the indictment and

the denial made by the not guilty plea of the defendant. You are to perform this duty without bias or prejudice against the defendant, or the prosecution.

By reading the indictment I do not mean to convey any view or opinion about whether the charge it contains has been proved to be true. You will receive a copy of the indictment in the jury room.

[READ INDICTMENT]

I will now instruct you concerning issues of law which apply generally to the trial of this case.

### **REASONABLE DOUBT AND PRESUMPTION OF INNOCENCE**

The law presumes that the defendant, Daniel Ruiz, is innocent of the charges against him. The presumption of innocence lasts throughout the trial and during your deliberations. The presumption of innocence ends only if you, the jury, find beyond a reasonable doubt that the defendant is guilty. Should the government fail to prove the guilt of the defendant beyond a reasonable doubt, you must find the defendant not guilty.

The government must prove the defendant guilty beyond a reasonable doubt. The question is: what is a reasonable doubt? It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has in his or her mind after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in making an important decision in his or her own affairs. A reasonable doubt is not a whim, speculation, or

2

suspicion. A reasonable doubt may arise from a lack of evidence. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. The law does not require the government to prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to a defendant, which means that it is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt. The law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. A defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

If, after a fair and impartial consideration of all the evidence against the defendant, you have a reasonable doubt, it is your duty to find that defendant not guilty. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied of the defendant's guilt beyond a reasonable doubt, you should vote to convict.

## JURORS' EXPERIENCE/SPECIALIZED KNOWLEDGE

Anything you have seen or heard outside the courtroom is not evidence and must be disregarded entirely. It would be a violation of your oath as jurors to consider anything outside the courtroom in your deliberations. But in your consideration of the evidence, you do not leave behind your common sense and life experiences. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as you feel are justified in light of the evidence. However, if any juror has

3

specialized knowledge, expertise, or information with regard to the facts and circumstances of this case, he or she may not rely upon it in deliberations or communicate it to other jurors.

## **EVIDENCE**

You have seen and heard the evidence produced in this trial, and it is the sole province of the jury to determine the facts of this case. The evidence consists of the sworn testimony of the witnesses, any exhibits that have been admitted into evidence, and all the facts that have been admitted by stipulation of the parties. I would now like to call your attention to certain guidelines by which you are to evaluate the evidence.

There are two types of evidence that you may properly use in reaching your verdict. One type of evidence is direct evidence. Direct evidence is when a witness testifies about something she or he knows by virtue of her or his own senses—something she or he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit such as a document or photograph.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. You may infer on the basis of reason, experience, and common sense from one established fact, the existence or non-existence of some other fact. For example, if you heard the sound of snowplows in the night, you might infer that it had started to snow. There could be another explanation, of course, but snow fall would be a reasonable inference.

Circumstantial evidence is of no less value than direct evidence. Circumstantial evidence alone may be sufficient evidence of guilt.

You should weigh all the evidence in the case. After weighing all the evidence, if you are not convinced of the defendant's guilt beyond a reasonable doubt, you must find her not guilty. Your verdict must be based solely on the evidence introduced at trial, or the lack thereof.

## **STRICKEN TESTIMONY/ATTORNEYS' STATEMENTS/COURT'S RULINGS**

I caution you that you should not consider or base your decision upon any testimony or exhibit that has been excluded or stricken from the record. Likewise, the arguments of the attorneys and the questions asked by the attorneys are not evidence in the case. By the rulings the court made in the course of the trial, I did not intend to indicate to you any of my own preferences, or to influence you in any manner regarding how you should decide the case. The attorneys have a duty to object to evidence they believe is not admissible. You must not hold it against either side if an attorney made an objection.

## **ARGUMENTS OF COUNSEL**

In addition to objections in the course of the trial, the attorneys have also provided you with opening statements and closing arguments. These statements are very important because they represent the effort of both sides to organize and describe the evidence for you and to advocate for their respective positions. We have been fortunate in this case to have excellent attorneys on both sides of the case and I ask that you consider their statements and arguments carefully. But these statements and arguments are not evidence in the case. The evidence is limited to testimony from witnesses, exhibits which the judge has admitted into evidence, and the stipulations of the parties.

## CREDIBILITY OF WITNESSES

As jurors, you are the sole judges of the credibility of the witnesses and the weight of their testimony. You do not have to accept all the evidence presented in this case as true or accurate. Instead, it is your job to determine the credibility or believability of each witness. You do not have to give the same weight to the testimony of each witness, because you may accept or reject the testimony of any witness, in whole or in part. In weighing the testimony of the witnesses you have heard, you should consider their interest, if any, in the outcome of the case; their manner of testifying; their candor; their bias, if any; their resentment or anger, if any, toward the defendant; the extent to which other evidence in the case supports or contradicts their testimony; and the reasonableness of their testimony. You may believe as much or as little of the testimony of each witness as you think proper. You may accept all of it, some of it, or reject it altogether.

The weight of the evidence is not determined by the number of witnesses testifying. You may find the testimony of a small number of witnesses or a single witness about a fact more credible than the different testimony of a larger number of witnesses. The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses or the most evidence. Remember, a defendant in a criminal prosecution has no obligation to present any evidence or call any witnesses. Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons may hear or see things differently or may have a different point of view

regarding various occurrences. It is for you to weigh the effect of any discrepancies in testimony, considering whether they pertain to matters of importance, or unimportant details, and whether a discrepancy results from innocent error or intentional falsehood. You should attempt to resolve inconsistencies if you can, but you also are free to believe or disbelieve any part of the testimony of any witness as you see fit.

## INTEREST IN OUTCOME

As a general matter, in evaluating the credibility of each witness, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome may create a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering has an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that any witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

## LAW ENFORCEMENT WITNESSES

You have heard the testimony of law enforcement officials in this case. The fact that a witness may be employed by the federal, state, or local government as a law enforcement official does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

7

At the same time, it is proper for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

## ACCOMPLICES: IF NEEDED

You have heard the testimony of individuals who testified that they were accomplices, that is, they said they participated with the defendant in the commission of a crime. The testimony of accomplices must be examined and weighed by the jury with greater care than the testimony of a witness who did not claim to have participated in the commission of that crime. You should ask yourselves whether such accomplices would benefit more by lying or by telling the truth. Was their testimony made up because they believed or hoped that they would receive favorable treatment by testifying falsely? Or did they believe that their personal interests would be best served by testifying truthfully? If you believe that an accomplice witness was motivated by hopes of personal gain, was the motivation one which would cause him or her to lie, or was it one which would cause him or her to tell the truth? Did this motivation color his or her testimony?

## ADMISSIONS BY DEFENDANT: IF NEEDED

There has been evidence that defendant made certain statements which the prosecution claims include admissions of facts relevant to the charges. In deciding what weight to give the defendant's statements, you should examine with great care whether

each statement was made and whether the defendant made it voluntarily and with understanding of its meaning.

## SUMMARIES: IF NEEDED

The government has presented exhibits in the form of summaries. I decided to admit these summaries in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these summaries as you would any other evidence.

## CONSCIOUSNESS OF GUILT FROM FALSE EXCULPATORY STATEMENT: IF NEEDED

You have heard testimony that the defendant made certain statements outside the courtroom to law enforcement in which the defendant claimed that his conduct was consistent with innocence and not with guilt. The government claims that these statements are false.

If you find that the defendant gave a false statement in order to divert suspicion from himself, you may, but are not required to infer that the defendant believed that he was guilty. You may not, however on the basis of this evidence alone, determine that the defendant is, in fact, guilty of the crime for which he is charged.

Whether the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any to be attached to any such evidence, are matters for you, the jury, to decide.

## DEFENDANT NOT TESTIFYING:  IF REQUESTED

You may have observed that the defendant did not testify in this case.  A defendant has a constitutional right not to do so.  He does not have to testify, and the government may not call him as a witness.  A defendant's decision not to testify raises no presumption of guilt and does not permit you to draw any unfavorable inference.

Similarly, the law never imposes upon a defendant the burden or duty of calling any witnesses, producing any evidence, or cross-examining the witnesses for the government.  The burden is at all times upon the government to prove guilt beyond a reasonable doubt, and this burden never shifts to a defendant.  The defendant is never required to prove that he is not guilty.

Therefore, in determining whether the defendant is guilty or not guilty of the crimes charged, you are not to consider, in any manner, the fact that the defendant did not testify.  Do not even discuss it in your deliberations.

## BIAS, PREJUDICE, AND EQUALITY BEFORE THE COURT

You are to perform the duty of finding the facts without bias or prejudice toward any party.  You are to perform this duty in an attitude of complete fairness and impartiality.  You must not allow any of your personal feelings about the nature of the crimes charged to interfere with your deliberations, or influence the weight given to any of the evidence.

You may not consider the race, religion, national origin, sex, or age of the defendant or any of the witnesses in your deliberations over the verdict or in the weight to be given to any evidence.

This case is important to the parties and the court. You must give it the fair and serious consideration which it deserves.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a case. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals before the court.

The question of possible punishment of the defendant in the event of a conviction is not the jury's concern and should not influence your deliberations. Your function is to weigh the evidence in the case and to determine whether the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. If the defendant is convicted, the court will consider the issue of punishment in a separate phase of the case.

## INSTRUCTIONS ON THE SUBSTANTIVE LAW OF THE CASE

Having explained the general guidelines by which you will evaluate the evidence in this case, I will now instruct you with regard to the law that is applicable to your determinations in this case.

It is your duty as jurors to follow the law as stated to you in these instructions and to apply the rules of law to the facts that you find from the evidence. You will not be faithful to your oath as jurors if you find a verdict that is contrary to the law that I give to you.

However, it is the sole province of the jury to determine the facts in this case. I do not, by any instructions given to you, intend to persuade you in any way as to any question of fact.

The parties in this case have a right to expect that you will carefully and impartially consider all the evidence in the case, that you will follow the law as I state it to you, and that you will reach a just verdict.

## THE ESSENTIAL ELEMENTS OF THE TWO OFFENSES

The defendant Daniel Ruiz is charged with two counts of violation of federal law. You have already heard me read the charges aloud.

To return a verdict, it is necessary that every juror agree to the verdict. You are required to return a separate verdict for each charged offense. In order to find the defendant guilty on either count, your verdict must be unanimous regarding each essential element of that count.

## COUNT ONE – CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCES

Count 1 of the indictment charges Daniel Ruiz with conspiracy to violate federal law by conspiring with others to distribute heroin, fentanyl, and cocaine base. Count 1 states:

> In or about March of 2022, in the District of Vermont, the defendants DANIEL
>
> RUIZ, aka "Peanut," and others, known and unknown to the grand jury,
>
> knowingly and willfully conspired to distribute heroin, a Schedule I controlled
>
> substance, fentanyl, a Schedule II controlled substance, and cocaine base, a
>
> Schedule II controlled substance.

This conspiracy charge requires a discussion of two provisions of law. First, we must talk about the definition of a conspiracy. Second, we must talk about the elements of the

12

offense of distribution of controlled substances since that is the alleged unlawful purpose of the conspiracy.

## ELEMENTS OF CONSPIRACY

I will start with discussing what the law means by a conspiracy. A conspiracy is a kind of criminal partnership – a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

In order to satisfy its burden of proof on the charge of conspiracy, the government must establish each of the following essential elements beyond a reasonable doubt:

First, that two or more persons entered into the unlawful agreement charged in the indictment;

Second, that the defendant knowingly and willfully became a member of the conspiracy;

Third, that one purpose of the conspiracy was to commit the offense of distributing controlled substances charged in this case as heroin, fentanyl and cocaine base.

## DEFINITION OF CONTROLLED SUBSTANCES

Federal law contains a list of controlled substances. These include drugs which are generally illegal such as heroin and cocaine. Cocaine base is a formulation of cocaine commonly known as crack. The list of controlled substances also include drugs which may be legal when prescribed but are illegal without a prescription. Fentanyl is an example of such a drug. I instruct you as a matter of law that heroin, fentanyl and cocaine base are all controlled substances under federal law.

# COUNT ONE – THE FIRST ELEMENT OF THE OFFENSE: EXISTENCE OF AGREEMENT

The first element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered into the unlawful agreement charged in the indictment.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every detail of the scheme or the means by which its object or purpose was to be accomplished. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved. You may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as evidence about whether a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

## COUNT ONE: SECOND ELEMENT OF THE OFFENSE: MEMBERSHIP IN THE CONSPIRACY

The second element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly, willfully and voluntarily became a member of the conspiracy.

If you are satisfied that that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective?

Proof of a financial interest in the outcome of a conspiracy is not essential to prove that a person took part in it. Nevertheless, if you find that the defendant had such an interest, that is a factor that you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

Before the defendant can be found to have been a conspirator, you must first find that he knowingly and willfully joined in the unlawful agreement or plan. The critical question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the aims and purposes of the unlawful agreement.

It is important for you to understand that the defendant's participation in the conspiracy must be established by evidence of his own acts or statements, as well as

those of the other alleged co-conspirators, and the reasonable inferences which may be drawn from them about his knowledge of the aims of the conspiracy.

To become a member of a conspiracy, the defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities. Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part. Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires.

I want to caution you, however, that mere association with one or more members of the conspiracy does not automatically make the defendant a member. A person may know, or be friendly with, a criminal without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient to establish membership in a conspiracy. The fact that the acts of a defendant happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required

16

under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

To summarize: the government must prove beyond a reasonable doubt that the defendant, with an understanding of the unlawful character of the conspiracy, intentionally engaged or assisted in it for the purpose of furthering the distribution of controlled substances.

## COUNT ONE-THIRD ELEMENT OF THE OFFENSE – UNLAWFUL PURPOSE OF THE CONSPIRACY

The third element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that one of the purposes of the conspiracy was the unlawful distribution of controlled substances, specifically heroin, fentanyl, and cocaine base. The alleged purpose of distribution of controlled substances is itself a violation of federal law requiring proof of two elements: (1) knowing and intentional distribution, (2) of a controlled substance.

The word "distribute" in this context means to deliver a controlled substance. "Deliver" is defined as the transfer of a controlled substance. Simply stated, the word distribute means to pass on, or to hand over to another, or to cause to be passed on or handed over to another, or to attempt to pass on or hand over to another, controlled substances.

Distribution does not require a sale. Activities in furtherance of the ultimate sale, such as vouching for the quality of the drugs, negotiating for or receiving the price, and

17

supplying or deliver the drugs may constitute distribution. In short, distribution requires a concrete involvement in the transfer of the drugs.

The distribution must be knowing and intentional. In other words, the defendant must know that the material he is distributing is a controlled substance. He does not need to know precisely which controlled substance he is distributing. It is sufficient if he knows that he is distributing some type of controlled substance. In addition, his actions must be intentional in the sense that he acted in a purposeful manner and not by accident or through inadvertence or mistake.

Second, the substances involved in the conspiracy to distribute must be controlled substances and, specifically as charged, either heroin, fentanyl, and/or cocaine base. The government may prove this through direct evidence or through circumstantial evidence. An example of direct evidence is the testimony of a chemist who has done a chemical analysis of the material. Circumstantial evidence would be evidence from which you could infer that the material was fentanyl and/or cocaine base such as testimony concerning the names used by the defendant to refer to the material or testimony about the material's appearance. Whether the government relies on direct or circumstantial evidence to prove that the material in issue was heroin, fentanyl and/or cocaine base, it must prove so beyond a reasonable doubt.

### COUNT TWO – POSSESSION WITH INTENT TO DISTRIBUTE

Count 2 of the indictment charges the defendant with possession with intent to distribute fentanyl and cocaine base, both Schedule II controlled substances. Count 2 states:

On or about March 23, 3033, in the District of Vermont, the defendants Daniel

Ruiz aka "Peanut," and Joel Ivan Caquias Aviles, knowingly and intentionally

possessed with the intent to distribute heroin, a Schedule I controlled substance,

and cocaine base, a Schedule II controlled substance.

In order to prove this charge against the defendant Daniel Ruiz, the government

must establish beyond a reasonable doubt each of the following three elements of the

crime: first, that the defendant possessed controlled substances; second, that he knew he

possessed controlled substances; and third, that he possessed the controlled substances

with the intent to distribute them.

### THE FIRST ELEMENT:  POSSESSION OF CONTROLLED SUBSTANCES

The government must prove beyond a reasonable doubt that the defendant

"possessed" one or more of the controlled substances:  cocaine base and fentanyl.  In

order for the defendant to be guilty of possessing a controlled substance, the government

does not have to prove that he possessed both controlled substances.  It is sufficient if the

government proves he possessed at least one of the drugs.

The legal concept of possession may differ from the everyday use of the term.

The word "possess" means to own or to exert control over something.  In the law, the

word can have several related meanings.   The law recognizes two kinds of "possession"

–actual possession and constructive possession.  A person who knowingly has direct

physical control over a thing at a given time is in actual possession of it.  For example, a

person wearing a wristwatch or carrying keys in her pocket has actual possession of these

objects.

However, a person need not have actual physical control over an object in order to be in legal possession of it. A person, who although not in actual possession, knowingly has dominion and control over the place where a thing is located and has the ability and intention to exercise control over that thing may be in constructive possession of it. For example, a person may have constructive possession of his checkbook when he is away on vacation if the checkbook is in his desk drawer at home and still subject to his control.

The law recognizes that "possession" may be sole or joint. If one person alone has actual or constructive possession, then possession is sole. However, it is possible that more than one person may have the power and intent to exercise control over something. For example, a husband and wife may both possess the family car since both share the right to use it. If two or more persons share actual or constructive possession of drugs, then possession is joint. If you find that the defendant had such power and intent, then you may find that he possessed the drugs under this element even if he possessed the drugs jointly with another.

Possession of drugs cannot be found solely on the basis that the defendant was near or close to the drugs. Nor can it be found simply because the defendant was present at a scene where drugs were involved, or solely because the defendant associated with a person who did control the drugs or the location where they were found. However, these factors may be considered by you, in connection with all other evidence, in making your decision about whether the defendant possessed the drugs.

You may find that the element of "possession" as that term is used in these instructions is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

As in the case of the conspiracy charge, the government must also prove beyond a reasonable doubt that the substances which defendant possessed were in fact fentanyl and/or cocaine base. The same instruction concerning proof of the identity of these substances applies. The government may introduce either direct or circumstantial evidence on this issue. As I said before, I instruct you as a matter of law that fentanyl and cocaine base are both controlled substances under federal law.

## THE SECOND ELEMENT: KNOWLEDGE THAT THE DRUGS WERE CONTROLLED SUBSTANCES

The second element the government must prove beyond a reasonable doubt is that the defendant knew that he possessed controlled substances which in this case were fentanyl and cocaine base.

To establish this element, the government must prove that the defendant knew that he possessed one or more of these drugs, and that his possession was not due to ignorance, mistake, accident or carelessness. If you find that the defendant did not know that he had fentanyl or cocaine base in his possession or that he didn't know that what he possessed was, in fact, one or both of these drugs, then you must find the defendant not guilty.

Although the government must prove that the defendant knew that he possessed fentanyl or cocaine base, the government does not have to prove that the defendant knew

the exact nature of the drugs in his possession. It is enough that the government proves that the defendant knew that he possessed fentanyl or cocaine base.

## THE THIRD ELEMENT: INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES

To prove the third element, the government must prove beyond a reasonable doubt that the defendant had control over one or more of the controlled substances with the state of mind or purpose to transfer them to another person. Since none of us can read another's mind, you may make inferences from his behavior. However, you may not convict the defendant unless these inferences convince you beyond a reasonable doubt that the defendant intended to distribute the controlled substances.

When I say that in order to find the defendant guilty, you must find that he intended to distribute one or more of the controlled substances, this does not mean that you must find that the defendant intended to distribute or deliver the drugs in person. It is sufficient if you find that the defendant intended to cause or assist in the distribution of the controlled substances.

The word "distribute" means to deliver a controlled substance. This means to pass on or to hand over to another the controlled substance. The term includes causing the controlled substance to be passed on through the acts of others and trying to pass on the controlled substance to others. Distribution does not require a sale. Activities in furtherance of the ultimate sale, such as vouching for the quality of the drugs, negotiating for or receiving the price, and supplying or delivering the drugs, may constitute

distribution. In short, distribution requires a concrete involvement in the transfer of drugs.

An important issue which arises in determining whether the government has proved intent to distribute concerns the distinction between drugs for personal use or for distribution to others. The government has the burden of proving the defendant's intent to distribute the drugs to others. In some cases, it is possible to make this determination on the basis of the quantity of drugs found in defendant's possession. Possession of a large quantity of drugs does not necessarily mean that the defendant intended to distribute them. On the other hand, a defendant may have intended to distribute drugs even if he did not possess large amounts. Other evidence such as paraphernalia for the packaging or processing of drugs can be evidence of intent. There might also be evidence of a plan to distribute. You should make your decision about whether the defendant intended to distribute the drugs in his possession from all the evidence presented.

The government does not have to prove that the defendant possessed both fentanyl and cocaine base with intent to distribute. You may conclude, for example, that the defendant possessed only one of the controlled substances, but not both, with the intent to distribute. In order to obtain a conviction, the government must prove beyond a reasonable doubt that the defendant possessed at least one of the controlled substances alleged in the complaint with intent to distribute.

## VARIANCE: DATES

The Indictment charges that the offense occurred "on or about" a certain date. It does not matter if the Indictment charges that a specific act occurred "on or about" a

certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity between the date alleged in the Indictment and the date established by testimony or exhibits.

## UNANIMOUS VERDICT REQUIRED

To return a verdict, it is necessary that every juror agree to the verdict. In order to find the defendant guilty, your verdict must be unanimous regarding each essential element of the count under consideration.

## JUROR NOTE TAKING

During this trial, you have been provided with pencil and paper, and some of you have taken notes. As I explained at the beginning of the trial, all jurors should be given equal attention during the deliberations regardless of whether or not they have taken notes. Any notes you have taken may only be used to refresh your memory during deliberations. You may not use your notes as authority to persuade your fellow jurors as to what a witness did or did not say. In your deliberations you must rely upon your collective memory of the evidence in deciding the facts of the case. If there is any difference between your memory of the evidence and your notes, you may ask that the record of the proceedings be read back. If a difference still exists, the record must prevail over your notes.

## CONCLUSION

I caution you, members of the jury, that you are here to determine whether the defendant before you today is not guilty or guilty solely from the evidence in this case. I remind you that the mere fact that a defendant has been indicted is not evidence against

him.  Also, a defendant is not on trial for any act or conduct or offense not alleged in the indictment.  Nor are you called upon to return a verdict as to the guilt or innocence of any other person or persons not on trial as a defendant in this case.

You should not consider the consequences of a guilty or not guilty determination.  The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the responsibility of the judge and should never be considered by the jury in any way in arriving at an impartial verdict.

It is your duty as jurors to consult with one another and to deliberate.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  Do not hesitate to re-examine your own views and change your opinion if you think that you were wrong.  Do not, however, surrender your honest convictions about the case solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, your foreperson will preside over your deliberations and will be your spokesperson here in court.  If a vote is to be taken, your foreperson will ensure that it is done.  A verdict form has been prepared for your conclusions.  If the verdict form varies in any way from the instructions provided within this jury charge, I instruct you that you are to follow the instructions provided within this jury charge.

After you have reached an agreement, the foreperson will record a verdict of guilty or not guilty as to the defendant on each count.  Your foreperson will then sign and date the verdict form and you will return to the courtroom.  In all other respects, a foreperson

is the same as any other juror. His or her vote does not count more than any other member of the jury.

If, during your deliberations you should desire to communicate with the court, please put your message or question in writing signed by the foreperson, and pass the note to the Court Officer who will bring it to my attention. I will then confer with the attorneys and I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time. You should also never communicate the subject matter of your note or your deliberations to any member of the court's staff.

I appoint _____ as your foreperson.

Dated at Rutland, in the District of Vermont, this _____ day of October, 2022.


_____
Geoffrey W. Crawford, Chief Judge
United States District Court